UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANE VINCENT NIGRO,<br><br>     Plaintiff,<br><br>vs.<br><br>JAY CHRISTENSEN, BRIAN KLINGENSMITH, JACK FRASER, MATHEW LYTLE, JEFF ZMUDA, and SERGEANT BORG,<br><br>     Defendants. | Case No. 1:19-cv-00441-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE: DUE PROCESS CLAIMS** |

  The Clerk of Court conditionally filed Plaintiff Shane Vincent Nigro's Complaint because of his status as a prisoner and request to proceed in forma pauperis. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claim that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

  After reviewing the Complaint, the Court has determined that Plaintiff has brought two different sets of unrelated claims, which is contrary to Federal Rule of Civil

Procedure 20. To remedy this error, the Court will sever the disciplinary offense claims from the medical claims. The Clerk of Court will be ordered to file a duplicate of Plaintiff's Complaint under a new case number. Plaintiff will be permitted to proceed to the next stage of litigation on the disciplinary offense claims in this action under the existing case number.

## REVIEW OF COMPLAINT

### 1. Standard of Law for Screening Complaints

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Iqbal* clarified that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

Accordingly, a complaint cannot recite only the elements of a cause of action, supported by mere conclusory statements that a defendant is responsible for the harm alleged. *See id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the facts pleaded are "merely consistent with a defendant's liability," but do not provide causal links between the defendant and the allegedly wrongful act, the complaint has not stated a claim for relief that is plausible on its face and is subject to dismissal. *Iqbal*, 556 U.S. at 678.

### 2. Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), currently incarcerated at the Idaho Maximum Security Institution (IMSI). Plaintiff asserts that Defendants have violated his constitutional right to due process under the Fourteenth Amendment.

Plaintiff alleges that on May 17, 2018 Defendants wrongfully labelled him a "sex offender," based on a disciplinary offense report (DOR) charge for which he asserts he was entitled to, but denied, due process protections. Plaintiff was not allowed to present evidence in his defense, call witnesses, pay for and take a polygraph, view statements of the purported victim, or know any of the evidence used to convict him. He asserts he was wrongfully convicted of the DOR, transferred to the maximum security facility, excluded from almost all human contact—in addition to now having a "sex offender" label attached to his name and file.

3. Discussion

The right to procedural due process of law under the Fourteenth Amendment prohibits the government from depriving an individual of a liberty or property interest without following the proper procedures for doing so. *Wolff v. McDonnell*, 418 U.S. 539, 558-66 (1974). To succeed on a procedural due process claim, a prisoner must establish (1) that he possessed a liberty interest and (2) that the defendants deprived him of that interest as a result of insufficient process. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005).

There is no constitutional right or liberty interest in being housed in a particular unit in prison or a particular facility. *See Meachum v. Fano*, 427 U.S. 215, 255 (1976); *McCune v. Lile*, 536 U.S. 24, 38 (2002); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). One exception is when a housing change occurs that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, simply being housed in the maximum security prison with its attendant restrictions, without a showing of severe conditions, is not a sufficient set of facts to show a liberty interest lies in not being housed at that facility.

However, Plaintiff's allegations that he was labeled a sex offender without due process protections are enough to state a claim. In the slightly different context of parole eligibility, the United States Court of Appeals for the Ninth Circuit identified the "stigmatizing consequences of the attachment of the 'sex offender' label" as a key factor in determining that a liberty interest existing in not being labeled as a sex offender. *Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997). The Ninth Circuit Court determined that

Mr. Neal was " constitutionally entitled to all of the process due under the standards set forth in *Wolff v. McDonnell*." *Id*. *Wolff* held that prisoners are entitled to advance written notice of the charges against them, a written statement by the prison factfinders as to the evidence relied upon by them, and the opportunity to call witnesses and present documentary evidence—with the caveat that the Constitution does not require officials to permit prisoners to put on evidence that would be "unduly hazardous to institutional safety or correctional goals" *Id*. at 563–70.

The Court will liberally construe Plaintiff's Complaint and permit him to proceed against those Defendants involved in the hearing process and labeling of Plaintiff as a sex offender. The Court will not issue the standard disclosure and discovery order at this point, but will permit Defendants to determine whether they desire to contest any procedural or legal issues that may eliminate the need for full discovery. Defendants will be permitted to file an early motion for dismissal or summary judgment. Defendants and Plaintiff will be required to disclose and exchange all information and records that are relevant to the threshold issues set forth in any motion above within 30 days after service of any such motion. Plaintiff will then have an additional 30 days to file a response (60 days total). Should Defendants file an answer, rather than a motion, the Court will issue a disclosure and discovery order.

## ORDER

**IT IS ORDERED:**

1. Plaintiff may proceed to the next stage of litigation on the Fourteenth Amendment due process claims against Defendants Jay Christensen, Brian Klingensmith, Jack Fraser, Mathew Lytle, Jeff Zmuda, and Sergeant Borg.

2. Plaintiff's Request for Appointment of Counsel (contained in the Complaint) is DENIED without prejudice. When the Court has had opportunity to review the parties' evidence, it will reconsider whether appointment would be appropriate.

3. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within **30 days**. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

> Mark Kubinski, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of Defendants Jay Christensen, Brian Klingensmith, Jack Fraser, Mathew Lytle, Jeff Zmuda, and Sergeant Borg.

4. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

5. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional **90 days** from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them may be dismissed without prejudice without further notice.

6. Plaintiff and Defendants will be required to disclose and exchange all information and records that are relevant to the threshold issues identified in any motion filed by Defendants within 30 days after the filing of such motion. Plaintiff will then have an additional 30 days to file a response (60 days total). Should Defendants file an answer, rather than a motion, the Court will issue a disclosure and discovery order.

7. No further discovery will be permitted or disclosures required until further order of the Court.

8. Relevant documents may be produced in a redacted form if necessary for security or privilege purposes; and, if necessary, the producing party must

provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure. Any party may request that the Court conduct an in camera review of withheld documents or information.

9. Submission of an earlier motion for summary judgment addressing procedural or preliminary issues does not foreclose any party from later filing a motion for summary judgment on the merits or to assert immunity or other defenses after full discovery.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2. ("*Ex parte*" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter then pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.



DATED: January 21, 2020

_____
B. Lynn Winmill
U.S. District Court Judge