UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANE VINCENT NIGRO,<br><br>                    Plaintiff,<br><br>vs.<br><br>CORIZON MEDICAL SERVICES, JOSHUA TUCKETT, RONA SIEGERT, CODY MATTINGLY, TIMMOTHY McKAY, DR. ABBY, AND DR. DAWSON,<br><br>                    Defendants. | Case No. 1:19-cv-00441-BLW<br><br>(to be severed and filed under a new case number)<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE: MEDICAL CLAIMS** |

       The Clerk of Court conditionally filed Plaintiff Shane Vincent Nigro's Complaint because of his status as a prisoner and request to proceed in forma pauperis. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claim that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

       After reviewing the Complaint, the Court has determined that Plaintiff has brought two different sets of unrelated claims, which is contrary to Federal Rule of Civil

**INITIAL REVIEW ORDER BY SCREENING JUDGE: MEDICAL CLAIMS - 1**

Procedure 20. The Court will sever the disciplinary offense claims from the medical claims. The Clerk of Court will be ordered to file a duplicate of Plaintiff's Complaint and this Order under a new case number. Plaintiff will be permitted to proceed to the next stage of litigation on the medical claims under the new case number.

## REVIEW OF COMPLAINT

**1. Standard of Law for Screening Complaints**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Iqbal* clarified that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

Accordingly, a complaint cannot recite only the elements of a cause of action, supported by mere conclusory statements that a defendant is responsible for the harm

alleged. *See id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the facts pleaded are "merely consistent with a defendant's liability," but do not provide causal links between the defendant and the allegedly wrongful act, the complaint has not stated a claim for relief that is plausible on its face and is subject to dismissal. *Iqbal*, 556 U.S. at 678.

2. **Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), currently incarcerated at the Idaho Maximum Security Institution (IMSI). Plaintiff asserts that Defendants have violated his Eighth Amendment right to adequate medical care during incarceration.

On or about June 2018, Plaintiff discovered a very large lump in his throat and sought medical care to diagnose and treat the lump. He alleges that the medical defendants failed to provide adequate treatment, and, in fact, to date, the lump has not been treated or removed. He requests that Defendants be required to provide him with proper medical care and pay him damages. Plaintiff states that he "is in anguish and it is very painful to eat or swallow." (Dkt. 3, p. 7.)

3. **Discussion**

    A. *Individual Defendants*

The Eighth Amendment includes the right to adequate medical care in prison, and prison officials or prison medical providers can be held liable if their "acts or omissions

[were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05 (footnotes omitted). However, medical malpractice or negligence will not support a cause of action under the Eighth Amendment, *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam), and a delay in medical treatment does not violate the Eighth Amendment unless that delay causes further harm, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

The Eighth Amendment does not provide a right to a specific treatment, *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), and differences in judgment between an inmate and prison medical providers regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *see also Lamb v. Norwood*, 895 F.3d 756, 760 (10th Cir. 2018) ("[P]rison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants."). To state an Eighth Amendment claim "involving choices between alternative courses of treatment," the plaintiff must plausibly allege "that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an

excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (punctuation altered, citation omitted).

Generally, if medical personnel have been "consistently responsive to [the prisoner's] medical needs," and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there has been no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061. That does not mean that prison medical providers can insulate themselves from liability by providing the same treatment over and over again if it has no effect on the medical condition, or if additional testing, an appointment with a specialist, or different care is warranted. For example, a claim for deliberate indifference lies if "circumstances ... raise an inference that the defendants were unreasonably relying on their own non-specialized conclusions" about the prisoner's medical needs," ignoring the recommendations of specialists and treating physicians for reasons unrelated to the prisoner's medical needs. *Snow v. McDaniel*, 681 F.3d 978, 986, 988 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

Plaintiff alleges that Dr. April Dawson identified the abnormal growth in his throat. Plaintiff was sent to a specialist for a biopsy, but was never told the results of that appointment or how he would be treated. Dr. Dawson told him it was a non-cancerous cyst that would not be removed (it is unclear whether she said this before or after the biopsy). Rona Siegert, the IDOC medical director, knew the results of the biopsy, but did not share them with Plaintiff or authorize other treatment for him.

Dr. "Abby" told Plaintiff there was, in fact, a medical care plan in place, but ignored his complaints that he had not been seen in months. Cody Mattingly and Joshua Tuckett, also "medical providers," were aware that Plaintiff had not had medical care for the throat lump in months, stated that a care plan was in place, and did nothing further for Plaintiff. There are no discernable allegations against Defendant Timmothy McKay.

The Court will liberally construe Plaintiff's Complaint to state Eighth Amendment claims against the individual medical defendants, except Defendant McKay, and permit Plaintiff to proceed to the next stage of litigation. It appears that Plaintiff already has been sent to a specialist, who perhaps diagnosed his condition as noncancerous; however, if Plaintiff cannot eat or swallow without pain, further treatment for the benign growth may be warranted.

### B. Defendant Corizon

To bring a § 1983 claim against a municipality (local governmental entity) or a private entity performing a government function—such as Corizon—a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). *See also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a government function). Under *Monell*, the requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom;

(3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Further, a municipality or private entity performing a state function "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff has provided insufficient allegations to state a claim against Corizon. Plaintiff asserts that Corizon has a policy of requiring prisoners to see different medical providers instead of seeing the same provider consistently to enhance continuity of care. While a one-on-one relationship with a medical provider certainly would be ideal, it is far from an Eighth Amendment requirement.

Plaintiff also asserts that Corizon first sent him to a dentist for a diagnosis; however, he has provided nothing showing that Corizon had a policy or custom of sending prisoners with medical issues to a dental professional instead of a medical professional. That is, Plaintiff must allege facts raising a plausible inference that the treatment chosen by the individual medical providers who work for Corizon, or a detrimental delay in provision of treatment, was *not* due to the providers' own independent decisions regarding how to treat Plaintiff's condition, based on their educational training and work experience—because that situation does *not* equate to deliberate indifference. An official's erroneous act or omission does not necessarily mean that the entity has a policy encouraging or requiring that act or omission.

Plaintiff may amend his Complaint to add Corizon as a defendant at a later date if he discovers additional facts about a policy underlying the reasons why he was provided the type of care he received.

### C. Supplemental State Law Claims

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims ordinarily expected to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiff has not clearly stated which type of state law claims he intends to pursue. However, he may file an amended complaint to clarify these causes of action.[1] These causes of action must be stated separately from his constitutional causes of action.

## ORDER

**IT IS ORDERED:**

1. The medical claims in the Complaint are severed from the other claims asserted in this action. The Clerk of Court shall file a copy of Plaintiff's Complaint and this Order under a new case number.

2. Plaintiff's Request for Appointment of Counsel (contained in the Complaint) is DENIED without prejudice. The Court will consider the request after it has had opportunity to review evidence provided by the parties at a later date.

3. Plaintiff may proceed on the Eighth Amendment medical claims against Defendants Joshua Tuckett, Rona Siegert, Cody Mattingly, Dr. Abby, and Dr. Dawson. All claims against Corizon and Timmothy McKay and all state law supplemental claims are DISMISSED, and Corizon and McKay are TERMINATED as parties to this action. If Plaintiff later discovers facts

---

[1] To state a claim for negligence, a plaintiff must provide adequate factual allegations showing the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Nelson v. Anderson Lumber Co.*, 99 P.3d 1092, 1100 (Idaho Ct. App. 2004). In addition, Idaho Code § 6-1001 provides for mandatory pre-litigation screening by the Idaho Board of Medicine "in alleged malpractice cases involving claims for damages against physicians and surgeons practicing in the state of Idaho or against licensed acute care general hospitals operating in the state of Idaho."

sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[2]

4. Defendants Joshua Tuckett, Rona Siegert, Cody Mattingly, Dr. Abby, and Dr. Dawson will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within **30 days**. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

    a. **Mark Kubinski**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of the IDOC Defendant Rona Siegert.

    b. **Kevin West and Dylan Eaton,** Parsons Behle & Latimer, 800 W. Main Street, Suite 1300, Boise, Idaho, 83702, on behalf of the

---

[2] Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

**INITIAL REVIEW ORDER BY SCREENING JUDGE: MEDICAL CLAIMS - 10**

Corizon Defendants: Joshua Tuckett, Cody Mattingly, Dr. Abby, and Dr. Dawson.

5. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

6. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, to be issued after severance of the claims as provided in this Order.

7. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

8. Dispositive motions must be filed no later than 300 days after entry of this Order.

9. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with

the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

10. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

12. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in

violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

13. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

14. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: February 5, 2020

B. Lynn Winmill
U.S. District Court Judge